UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AM RODRIGUEZ ASSOCIATES, INC.,

Plaintiff,

Case No. 1:08-CV-214

v.

HON. GORDON J. QUIST

CITY COUNCIL OF THE VILLAGE OF DOUGLAS and THE CITY OF THE VILLAGE OF DOUGLAS,

Defendants.
______________________________/

# OPINION

## INTRODUCTION

Plaintiff, AM Rodriguez Associates, Inc. ("Rodriguez"), is an Ohio Corporation that seeks to develop a piece of real property situated in the City of the Village of Douglas. During the pendency of an appeal from the City's denial of his development application, Rodriguez filed the instant action against the City Council and the City itself (collectively, "City"). Rodriguez alleges a state law claim for violation of a zoning statute under MCL § 125.3504 (Count I), a Fourteenth Amendment procedural due process claim (Count II),[1] and equal protection, substantive due process, and takings claims under the Fourteenth Amendment and Michigan's Constitution (Counts III & IV), all based on a series of public hearings and, ultimately, the City's denial of Rodriguez's development application. Defendants have moved for judgment on the pleadings pursuant to Rule 12©. The parties did not request oral argument, nor does the Court believe that oral argument would

[1] In the complaint, Count II is entitled "Unreasonableness of Planning Commission Actions." In his reply brief, Rodriguez reframes this claim as a procedural due process violation. For purposes of this motion, the Court will liberally construe Count II as alleging a procedural due process claim. *See Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 405 (6th Cir. 1998) (stating that a plaintiff's complaint should be liberally construed when evaluating a Rule 12(b)(6) dismissal).

be helpful. For the reasons set forth below, the Court will grant in part and deny in part Defendants' motion for judgment on the pleadings.

## STANDARD OF REVIEW

Under Rule 12(c), "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008) (citations and quotations omitted). Consequently, a motion for judgment on the pleadings "is appropriately granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Id.* (citations and quotations omitted).

## FACTS AND PROCEDURAL HISTORY

On March 31, 2006, Rodriguez acquired a sixteen acre parcel of property situated in the City of the Village of Douglas. (Compl. ¶¶ 4-6.) On May 25, 2006, Rodriguez submitted a condominium development application to the City. (*Id.* at ¶ 7.) At the time this application was submitted, the property was a planned unit development located in an R-5 zoning district, and Rodriguez proposed the construction of fifty-two condominium units on the site. (*Id.* at ¶¶ 7-8.) Rodriguez's development application was brought before the City's Planning Commission for a public hearing on July 19, 2006. (*Id.* at ¶ 10.) At that meeting, the Planning Commission tabled the development application until: (1) ownership of Harbor Lake Drive,[2] the main entrance to the development, was established; (2) the Planning Commission received documentation regarding an emergency drive for the development; and (3) the development plans showed the location of existing condominium developments in the area. (*Id.* at ¶ 12.)

[2] The parties interchangeably use "Douglas Cove" and "Harbor Lake Drive" to refer to the main entrance to the development. While the Court understands that Douglas Cove is the private road's current name, and that this road would be renamed Harbor Lake Drive as a public roadway for the proposed development, for the sake of clarity the Court will refer to the entrance as Harbor Lake Drive.

After making changes to the proposed development, Rodriguez submitted a revised site plan to the City on November 6, 2006. (*Id.* at ¶ 14.) Later that month, Rodriguez reached an agreement with landowners regarding the dedication of Harbor Lake Drive as a public right of way. (*Id.*) On December 11, 2006, Rodriguez submitted another revised site plan to the City, and the Planning Commission held a public hearing on December 20, 2006. (*Id.* at ¶¶ 15-16.)

The minutes of the December 20 meeting reflect that two members of the Planning Commission, Ron Delartino and Ken Kutzel, lived on Harbor Lake Drive. (Minutes of the Planning Commission's December 2006 Meeting, Pl.'s Compl., Ex. F at pg. 5.)[3] Delartino stated he did not have a significant financial interest in the development, nor did he hold biased views. (*Id.*) Delartino did, however, offer to recuse himself if Rodriguez so desired because Delartino did not want Rodriguez "to feel that he has been unfairly treated." (*Id.*) Kutzel stated he felt he could make a fair decision, but he left the recusal decision up to his colleagues on the Planning Commission. (*Id.*) The Chairman of the Planning Commission left the decision to Rodriguez, who stated that "he had some concerns about Kutzel." (*Id.*) Ultimately, the Planning Commission again decided to table the development application. (Compl. ¶ 16.) The pleadings do not indicate whether Mr. Kutzel participated in future Planning Commission meetings regarding this matter.

On January 4, 2007, Attorney Randall Schipper of the firm Cunningham Dalman wrote a letter to the Zoning Administrator on behalf of the Hidden Waters Condominium Association ("HWCA") and its president, Ken Kutzel. (January 4, 2007, Letter to John Wallace, Pl.'s Compl., Ex. L.) In this letter, Mr. Schipper strenuously opposed Rodriguez's development plan, arguing that (1) Harbor Lake Drive did not comply with private or public road standards, and thus presented an

[3]Plaintiff attached twelve exhibits to his complaint. Pursuant to Rule 10(c), the Court will consider these exhibits part of the pleading for all purposes.

inherent safety problem, (2) the easement for the emergency access drive was defective, and (3) the development plan imposed on nearby wetlands. (*Id.* at 1-4.)

On January 17, 2007, the Planning Commission held another meeting to address Rodriguez's development plan. (Compl. ¶¶ 17-18.) The Planning Commission recommended the denial of the development application because (1) the plan did not include a full secondary access to the site, and (2) there was an insufficient public benefit to outweigh the requested variances for the development. (*Id.* at ¶ 18.)

On March 19, 2007, the City Council adjourned a hearing that was to address Rodriguez's development proposal because there was a conflict of interest between the City's attorney, Andrew Mulder of Cunningham Dalman, and Mr. Mulder's firm's prior representation of HWCA. (*Id.* at ¶ 21.) The City Council met again on April 2, 2007, to consider the development plan. (*Id.* at ¶ 22.) At this meeting, the City Council denied Rodriguez's development application because: (1) the Planning Commission found that there was an insufficient benefit to the City as required by § 27.03 of the zoning ordinance; (2) the proposed Harbor Lake Drive did not comply with the City's road standards regarding length or number of housing units, and consequently was not safe; and (3) the proposed private access drive was not consistent with zoning ordinance § 27.04(17) due to its impact on nearby wetlands. (*Id.* at ¶ 23.) The pleadings do not state whether Mr. Schipper, Mr. Mulder, or the firm Cunningham Dalman advised the City in this matter after the March 19, 2007, City Council meeting.

At some point after the City Council's denial of his development application, Rodriguez appealed the City's decision to the Allegan County Circuit Court. (*Id.* at ¶ 24.) While that appeal was pending, Rodriguez filed the instant action in state court. On March 3, 2008, the City removed the action to federal court. This Court entered an Order on April 3, 2008, holding this case in

abeyance pending the decision of the Allegan County Circuit Court. The Allegan County Circuit Court entered a decision on May 20, 2008, affirming the City's denial of the proposed development. This Court received notice that the state court proceedings were resolved on May 7, 2009, and an Order lifting the stay was entered. The City has now moved for judgment on the pleadings pursuant to Rule 12©.

## Discussion

### A. Count IV: Takings Clause Claim

To bring a takings claim in federal court, a plaintiff must first pursue available state court remedies. *See Braun v. Ann Arbor Charter Twp.*, 519 F.3d 564, 569 (6th Cir. 2008). "Two issues inform this analysis: first, whether the initial decision maker, *i.e.*, administrative agency, has arrived at a definitive position on the issue that inflicts an actual, concrete injury (the finality requirement); and second, whether the state has denied just compensation based on that injury (the remedies requirement)." *Id.* (citing *Williamson County Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 193-95, 105 S. Ct. 3108, 3120-21 (1985) (quotations omitted; emphasis in original)). The Sixth Circuit has recognized the adequacy of Michigan's just compensation procedure. *See, e.g.*, *Macene v. MJW, Inc.*, 951 F.2d 700, 704 (6th Cir. 1991) ("In Michigan, the doctrine of inverse condemnation is long recognized and constitutionally established." (citing Mich. Const. art. 10, § 2)). Indeed, this just compensation procedure is not only a remedy for a taking in the traditional sense, but also "includes cases where the value of the property is destroyed by the action of the government or where the owner is excluded from the use or enjoyment of his property." *Id.* (citations omitted).

This Court finds the second prong of the ripeness analysis to be dispositive of this action. Like the plaintiffs in *Braun*, no where in his complaint or reply brief does Rodriguez allege that (1) he used Michigan's just compensation procedure to seek a remedy on the merits in state court, and

(2) the state court denied him just compensation. Instead, Rodriguez argues that this Court should adopt the analysis in *Nasierowski Brothers Investment Co. v. City of Sterling Heights*, 949 F.2d 890 (6th Cir. 1991). *Nasierowski Brothers*, however, is inapposite to Rodriguez's takings claim because the plaintiff in that case did not allege an unconstitutional taking of his property. 949 F.2d at 893. Indeed, unlike the present action, the plaintiff in *Nasierowski Brothers* only asserted that he was denied procedural due process when the City failed to hold a public hearing at which Nasierowski could challenge the reclassification of his property's zone. *Id.* Therefore, the Court declines to follow *Nasierowski Brothers* for Rodriguez's takings claim. The Court finds that Rodriguez's takings claim is not ripe because Rodriguez has not pursued an inverse condemnation action in Michigan state court and thus has not been denied just compensation in state court. *See Braun*, 519 F.3d at 570.

**B. Count III: Equal Protection and Substantive Due Process Claims**

Rodriguez also alleges equal protection and substantive due process claims. Rodriguez argues the Court should follow *Nasierowski Brothers* and hold his claims are ripe; however, the Court finds *Nasierowski Brothers* inapplicable to these claims for the reasons set forth above.

A federal court lacks jurisdiction over related constitutional claims when those claims are ancillary to the unripe takings claim. *See, e.g.*, *Peters v. Fair*, 427 F.3d 1035, 1037 (6th Cir. 2005) (holding that constitutional "claims ancillary to a takings claim are also subject to th[e] ripeness requirement.") (citations omitted); *Bigelow v. Mich. Dep't of Natural Res.*, 970 F.2d 154, 159 (6th Cir. 1992) (same). Courts consider several factors to determine whether a constitutional claim is ancillary to a takings claim. These factors include whether: (1) the other constitutional claim arises from the same facts as the takings claim; (2) the other constitutional claim stems from an injury that is distinct from the takings claim; (3) deciding the claim was ripe would allow future plaintiffs to

circumvent the ripeness requirement by attaching such a claim; (4) another provision of the Constitution directly addresses the type of illegal government conduct alleged by the plaintiff; and (5) the remedy sought by the plaintiff is the same for both claims. *See Braun*, 519 F.3d at 571-73.

Here, Rodriguez's equal protection and substantive due process claims are ancillary to his takings claim. First, these claims arise from the same set of facts and the same injury as Rodriguez's takings claim: the City's denial of his development proposal. Second, a ruling that these claims were ripe would permit Rodriguez to circumvent Michigan's inverse condemnation procedure by having this Court adjudicate the merits of his takings claim before Michigan's state courts had the opportunity to provide just compensation. Third, the Takings Clause directly addresses the type of government conduct alleged by Rodriguez in these two claims and is the more appropriate vehicle to redress his grievances. Finally, Rodriguez seeks the same remedy—money damages, attorneys' fees and costs, and a declaratory judgment approving his development plan—for all of his claims. Therefore, the Court finds Rodriguez's substantive due process and equal protection claims are ancillary to his takings claim and not ripe for judicial review. *See Braun*, 519 F.3d 571-73.

**C. Count II: Procedural Due Process Claim**

Rodriguez further alleges a procedural due process violation. Rodriguez argues that the City Council's public hearing regarding his development plan was not fair because the City's retained attorneys and a member of the Planning Commission had conflicts of interest in the matter. (Compl. ¶ 45.) Rodriguez contends that Ken Kutzel is a member of the Planning Commission and the president of Hidden Waters Condominium Association ("HWCA"). (*Id.* at ¶ 37.) Rodriguez further alleges that Attorney Randall Schipper of the firm Cunningham Dalman represented HWCA and Mr. Kutzel by sending a letter to the Zoning Administrator opposing Rodriguez's development and the proposed changes to Harbor Lake Drive. (*Id.* at ¶¶ 40-41.) Rodriguez asserts that the City

Council then retained the services of Attorneys Andy Mulder and / or Randall Schipper of Cunningham Dalman for municipal and zoning matters at the City's March 19, 2007, meeting despite Mr. Schipper's previous representation of HWCA and Mr. Kutzel before the Planning Commission and Zoning Administrator. (*Id.* at ¶ 42.) Thus, Rodriguez argues that the denial of his development application constitutes a procedural due process violation because he did not receive fair hearings.

Preliminarily, the Court must consider the issue of ripeness. When determining the ripeness of a procedural due process claim, the Sixth Circuit has held that "if the [claimed] injury is the *infirmity of the process*, neither a final judgment nor exhaustion [of administrative remedies] is required." *Nasierowski Bros. Inv. Co. v. City of Sterling Heights*, 949 F.2d 890, 894 (6th Cir. 1991) (explaining that the allegedly infirm process itself is the injury for a procedural due process claim while the injury for a takings claim is the diminution in property value) (emphasis in original; citations and quotations omitted). Here, Rodriguez's procedural due process claim is ripe and not ancillary to his takings claim. First, Rodriguez's procedural due process injury arises from the alleged unfairness in the public hearings, not the outcome of those hearings as in his takings claim. Second, Rodriguez alleges the quintessential procedural due process claim—the denial of a fair hearing—and no other provision of the Constitution more appropriately addresses the type of conduct alleged. *See Withrow v. Larkin*, 421 U.S. 35, 46, 95 S. Ct. 1456, 1464 (1975) (stating that a basic requirement of procedural due process is a "fair trial in a fair tribunal") (citations and quotations omitted). Thus, Rodriguez's procedural due process claim is ripe.

Before a court considers whether a plaintiff was denied procedural due process, the plaintiff must first demonstrate that he possessed a protected property interest and was deprived of that

interest. *Warren v. City of Athens*, 411 F.3d 697, 708 (6th Cir. 2005). In his reply brief, Rodriguez argues that his protected property interest is his right to develop his property according to the development application. (Pl.'s Reply Br. at 8.) Thus, the outcome of Rodriguez's procedural due process claim is contingent upon Rodriguez proving his takings claim. Therefore, the Court will hold Rodriguez's procedural due process claim in abeyance pending the outcome of any state court inverse condemnation suit.

**D. Count I: State Law Zoning Statute Claim**

Rodriguez's state law claim will be dismissed pursuant to 28 U.S.C. § 1367(c)(4). "A district court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996) (citing *Transcon. Leasing, Inc. v. Mich. Nat'l Bank*, 738 F.2d 163, 166 (6th Cir. 1984)). In making this determination, "a district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Here, Rodriguez must return to state court to pursue his takings claim; thus, the interests of judicial economy weigh against exercising jurisdiction over his state law claim alleging a violation of the zoning statute. *See Baskin v. Bath Twp. Bd. of Zoning Appeals*, Nos. 95-3042, 95-3881, 1996 U.S. App. LEXIS 30686, at *21 (6th Cir. Nov. 21, 1996) (finding "the fact that zoning regulations are of 'primarily local concern in which the principles of federalism are particularly strong,' weighs in favor of declining jurisdiction" (citations omitted)). Additionally, "the federal courts are ill-suited to reviewing the decisions of local zoning boards and their particularly local concerns." *Id.* Therefore, the Court will dismiss Rodriguez's state law claim without prejudice pursuant to 28 U.S.C. § 1367(c)(4).

### E. Cross Motions for Attorneys' Fees and Costs

Both parties have moved for attorneys' fees and costs. Rodriguez seeks fees and costs under 28 U.S.C. § 1447©, arguing that the City is "now essentially seeking remand." (Pl.'s Reply Br. at 9.) Rodriguez's motion will be denied because the complaint contained federal issues at the time of removal and the Court will retain jurisdiction over Rodriguez's procedural due process claim.

The City moved for costs and attorneys' fees pursuant to 42 U.S.C. § 1988, claiming that Rodriguez's complaint is "frivolous, unreasonable and without foundation." (Def.'s Reply Br. at 5.) The City's motion will be denied because Rodriguez's claim is not frivolous. As discussed above, Rodriguez alleges a procedural due process violation based on Mr. Kutzel's and the City's attorneys' conduct. Furthermore, Rodriguez's other federal claims may still be viable after the state court inverse condemnation proceeding. Therefore, the Court will deny both parties' motions for attorneys' fees and costs.

## CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part Defendants' Rule 12(c) motion for judgment on the pleadings. An Order consistent with this Opinion will be entered.

Dated: November 30, 2009

/s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE